## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOM SHALOM, *et al.*,<br><br>              Plaintiffs,<br><br>v.<br><br>BASHAR MASRI, *et al.*,<br><br>              Defendants. | Civil Action No. 25-cv-01024 |

### PLAINTIFFS' MOTION TO SERVE DEFENDANT BASHAR MASRI BY ALTERNATIVE MEANS

Plaintiffs, by and through their counsel, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), for an Order allowing service on defendant Bashar Masri by the alternative means of publication, e-mail, and social media messaging. The basis for this Motion is set forth in the accompanying Memorandum of Points and Authorities. This Motion is also accompanied by Exhibits and a Proposed Order.

June 25, 2025

Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

By:    */s/ Lee Wolosky*
         Lee Wolosky (D.C. Bar No. NY0161)
         787 7th Avenue
         New York, NY 10019
         Telephone: (212) 728-8000
         Facsimile: (212) 728-8111
         lwolosky@willkie.com

124740114.10

**OSEN LLC**
Gary M. Osen (D.C. Bar No. NJ009)
190 Moore Street, Suite 272
Hackensack, NJ 07601
Telephone: (201) 265-6400
Facsimile: (201) 265-0303
gosen@osenlaw.com

**STEIN MITCHELL BEATO &
MISSNER LLP**
Jonathan E. Missner (D.C. Bar No. 475648)
2000 K St., NW, Suite 600
Washington, D.C. 20006
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com

**MOTLEY RICE LLC**
John M. Eubanks (D.C. Bar No. SC0013)
Michael E. Elsner
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9250
Facsimile: (843) 216-9450
jeubanks@motleyrice.com
melsner@motleyrice.com

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

FACTUAL BACKGROUND .....................................................................................................1

ARGUMENT ..............................................................................................................................3

CONCLUSION...........................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Ali v. Mid-Atlantic Settlement Servs.*,
   233 F.R.D. 32 (D.D.C. 2006)...................................................................................................4

*AngioDynamics, Inc. v. Biolitec AG*,
   780 F.3d 420 (1st Cir. 2015)................................................................................................6

*Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*,
   No. 18-cv-11642 (VM) (DF), 2020 WL 5350271 (S.D.N.Y. Sept. 4, 2020) ..........................4

*U.S. ex rel. Barko v. Halliburton Co.*,
   952 F. Supp. 2d 108 (D.D.C. 2013) ...............................................................................3, 5

*Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*,
   168 F. Supp. 3d 1 (D.D.C. 2016).................................................................................3, 4, 7

*Carrillo v. Sabbadini*,
   No. 23-CV-5692 (VSB), 2025 WL 304446 (S.D.N.Y. Jan. 27, 2025).................................5, 7

*F.T.C. v. PCCare247 Inc.*,
   No. 12-CIV-7189 (PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) ...............................5, 7

*FMAC Loan Receivables v. Dagra*,
   228 F.R.D. 531 (E.D. Va. 2005) .........................................................................................3

*Freedom Watch Inc. v. Org. of the Petrol. Exporting Countries*,
   766 F.3d 74 (D.D.C. 2014) ...............................................................................................2, 6

*Juniper Networks, Inc. v. Bahattab*,
   No. 07-1771 (PLF), 2008 WL 250584 (D.D.C. 2008) .........................................................5

*Kaplan v. Hezbollah*,
   715 F. Supp. 2d 165 (D.D.C. 2010) ....................................................................................5

*Mwani v. bin Laden*,
   417 F.3d 1 (D.C. Cir. 2005)..............................................................................................4, 6

*S.E.C. v. Tome*,
   833 F.2d 1086 (2nd Cir. 1987)............................................................................................5

*Standard Oil Co. v. State of N.J., by Parsons*,
   341 U.S. 428 (1951)...........................................................................................................5

**Other Authorities**

4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1061
    (4th ed. 2019)................................................................................................................4

Fed. R. Civ. P. 4(f)(3) ........................................................................................................5

Fed. R. Civ. P. 4(f)............................................................................................................3

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SERVE DEFENDANT BASHAR MASRI BY ALTERNATIVE MEANS

Plaintiffs respectfully submit this memorandum of law in support of their Motion pursuant to Federal Rule of Civil Procedure 4(f)(3) to serve defendant Bashar Masri ("Masri") by the alternative means of publication, e-mail, and social media messaging. Plaintiffs have exercised all reasonable diligence and best efforts in attempting to serve Masri in the United States but have been unable to do so. Meanwhile, Plaintiffs have proposed alternative methods of service—by publication, e-mail, and social media—that satisfy due process and are justified under the circumstances.

## FACTUAL BACKGROUND

Plaintiffs are American citizens, or family members or estate representatives of American citizens, who were victims of the terror attack in Israel committed by Hamas ("the October 7 Attacks"), and related attacks thereafter. On April 7, 2025, Plaintiffs filed a Complaint against Bashar Masri and the various corporate entities he owns or controls.[1] Plaintiffs allege that Masri and the Corporate Defendants knowingly assisted, provided material support to, and conspired with Hamas in violation of various provisions of the Anti-Terrorism Act, including by developing and operating prime properties in Gaza which were used to construct and conceal Hamas's attack tunnels, store and launch its rockets at Israel, host Hamas leadership and foot soldiers, train Hamas

---

[1] The corporate defendants are Palestine Development & Investment Company ("PADICO"), Palestine Real Estate Investment Company ("PRICO"), Palestinian Industrial Estate Development Company ("PIEDCO"), and Massar International, Ltd. (collectively, the "Corporate Defendants"). Plaintiffs are in the process of serving the Corporate Defendants under the Hague Convention through Israel's Central Judicial Authority, as the State of Israel asserts jurisdiction to execute service of process under the Hague Convention in areas subject to the jurisdiction of the Palestinian National Authority. However, unlike the Corporate Defendants, which have fixed business addresses that can be readily identified and presumably served by the Government of Israel, Masri presents a fundamentally different challenge. Masri travels extensively around the world, making it significantly easier for him to evade service than corporate entities with fixed business locations.

naval commandos—and even to produce electricity for Hamas's attack tunnel infrastructure.  *See generally* Compl. (ECF No. 1).

On May 24, 2025, Plaintiffs attempted to effectuate service of process on Masri via a process server at a residential address which they believe to be Masri's United States-based residence, located at 2335 Ashmead Place, NW, Washington, DC 20009 (the "Ashmead Address").  *See* Declaration of Zaina Fontane ("Fontane Declaration"), Ex. 1 ¶¶ 4-5.  The process server spoke to a woman via the intercom, who declined to accept service on Masri's behalf.  *Id.* On May 30, 2025, Plaintiffs once again attempted to serve Masri at the Ashmead Address.  Fontane Declaration, Ex. 1 ¶ 5.  The process server once again rang the intercom and spoke with the same woman, who this time identified herself as Jane Masri.  Jane Masri stated that she would not accept service and, in any event, she was answering the intercom remotely from a location abroad.  *Id.* She stated that the Documents could not be left at the 2335 Ashmead Place residence because no one was there to accept them and claimed that she was divorced from Masri and that Masri does not live there.  *Id.*  Plaintiffs also attempted to effectuate service of process on Masri at the Ashmead Address via registered mail with a signed receipt, transmitted in the mail on June 3, 2025.  Fontane Declaration ¶ 4, Ex. 2.  However, the United States Postal Service was unable to deliver the documents at the Ashmead Address.  *Id.* ¶ 5, Ex. 3.  Plaintiffs are not aware of Masri having retained any counsel in the above-captioned action, such that Masri could be served through his attorney.[2]

Masri has given interviews and/or commented publicly on the allegations in Plaintiffs' Complaint since Plaintiffs filed suit on April 7, 2025.  *See* Fontane Declaration, Exs. 4-5.  Masri's

---

[2] *See, e.g.*, *Freedom Watch Inc. v. Org. of the Petrol. Exporting Countries*, 766 F.3d 74, 83 (D.D.C. 2014) ("A number of courts [] have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3)[.]").

published interviews about the allegations in Plaintiffs' Complaint suggest that Masri is currently located outside of the United States. They also demonstrate that Masri is aware of Plaintiffs' Complaint and is reading Israeli newspapers, in particular the one via which Plaintiffs suggest service by publication.

Plaintiffs request approval to effectuate service of process on Masri as follows:

(1)    Publication of the Complaint and Summons in an Israeli newspaper of general circulation (including its online version), in particular, *Yediot Ahronot*;

(2)    E-mailing the Complaint and Summons to e-mail addresses Plaintiffs have identified as likely being Masri's; and

(3)    Transmitting the Complaint and Summons to Bashar Masri's verified Instagram and X accounts, as well as his Facebook account.

## ARGUMENT

Federal Rule of Civil Procedure 4(f)(3) confers broad discretion to order an alternative method of service to be effectuated upon a defendant located in a foreign country, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. *See* Fed. R. Civ. P. 4(f); *see also Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 13 (D.D.C. 2016) ("The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.") (citation omitted). Service of process under Rule 4(f)(3) is "neither a last resort nor one of extraordinary means, but is merely one means among several which enables service of process on an international defendant." *U.S. ex rel. Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 116 (D.D.C. 2013) (internal quotation marks omitted); *see FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) ("Rule 4(f) does not denote any hierarchy or preference of one method of service over another."). The district court need only make "an earnest effort . . . to

devise a method of communication that is consistent with due process and minimizes offense to foreign law." *Bazarian*, 168 F. Supp. 3d at 18.

Here, Plaintiffs have attempted to effectuate service on Masri in the United States by several means and while exercising reasonable diligence. All available sources of information suggest that Masri is not currently located in the United States and is, instead, located in or around Israel or the Palestinian Territories. Thus, Plaintiffs request permission to effectuate alternative service on Masri by publication, e-mail, and social media, all of which are reasonable calculated to apprise Masri of the action against him and not prohibited by international agreement.

## I.    ALTERNATIVE SERVICE IS JUSTIFIED UNDER THE CIRCUMSTANCES AND COMPORTS WITH DUE PROCESS

Courts frequently authorize plaintiffs to use alternate means of service under Rule 4(f)(3) to serve defendants, where it is justified by the circumstances. A plaintiff is not required to exhaust other means before seeking alternative service, and in particular, "the plaintiff is not required to first demonstrate a minimum threshold effort to serve Defendants via . . . the Hague Convention" in order to request alternative service. *Bazarian*, 168 F. Supp. 3d at 16. A district court need only make "an earnest effort ... to devise a method of communication that is consistent with due process and minimizes offense to foreign law." *Id.* at 18 (citation omitted); *see also Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, No. 18-cv-11642 (VM) (DF), 2020 WL 5350271, at *9 (S.D.N.Y. Sept. 4, 2020) ("In exercising its discretion, the court should look at the case-specific record before it."). The rules governing service of process "are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient." *Ali v. Mid-Atlantic Settlement Servs.*, 233 F.R.D. 32, 36 (D.D.C. 2006). Rule 4 is "designed to provide maximum freedom and flexibility in the procedures for giving all defendants . . . no matter where they might

be located, notice of the commencement of the action."  4 Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure § 1061 (4th ed. 2019) (addressing Fed. R. Civ. P. 4).

Federal courts have recognized the validity of service by publication where other means of

service have failed or are impracticable.  *See Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005)

(holding that service of Osama bin Laden by publication under Rule 4(f)(3) was valid and

"reasonably calculated" to apprise him of the suit, noting that service by other means was not

practical because defendant's "address is not known, nor is it easily ascertainable[.]"); *Kaplan v.*

*Hezbollah*, 715 F. Supp. 2d 165, 167 (D.D.C. 2010) (finding that service by publication was

"reasonably calibrated to achieve notice" to defendants); *S.E.C. v. Tome*, 833 F.2d 1086, 1092

(2nd Cir. 1987) (explaining that "statutes and case law have allowed substitute notice by mail and

by publication in media of general and wide circulation"); *Standard Oil Co. v. State of N.J., by*

*Parsons*, 341 U.S. 428, 434 (1951) ("This court has not hesitated to approve of resort to publication

. . . where it is not reasonably possible or practicable to give more adequate warning.").

Similarly, courts are increasingly permitting service by e-mail, and by social media in

conjunction with e-mail.  "As e-mail has become more prevalent, courts have not hesitated to allow

service by e-mail, especially when the defendant lives abroad and is avoiding service."  *Juniper*

*Networks, Inc. v. Bahattab*, No. 07-1771 (PLF), 2008 WL 250584, at *1 (D.D.C. 2008) (permitting

service of process by electronic mail and facsimile under Rule 4(f)(3)); *U.S. ex rel. Barko v.*

*Halliburton Co.*, 952 F. Supp. 2d 108, 116 (D.D.C. 2013) (finding good cause to serve defendant

located in Jordan by e-mail under Rule 4(f)(3)).  And, service by social media direct message, in

conjunction with e-mail service, has been recognized as a valid method of alternative service that

does not violate due process.  *F.T.C. v. PCCare247 Inc.*, No. 12-CIV-7189 (PAE), 2013 WL

841037, at *6 (S.D.N.Y. Mar. 7, 2013) (permitting service of foreign individual defendants

through e-mail and Facebook message); *Carrillo v. Sabbadini*, No. 23-CV-5692 (VSB), 2025 WL 304446, at *2 (S.D.N.Y. Jan. 27, 2025) (permitting alternative service by Instagram message as a "backstop" to serving by e-mail).

Service of process on Masri by publication is consistent with due process and justified under the circumstances of the case. Masri frequently travels and has most recently been located in Israel. *See* Fontane Declaration, Exs. 4-5. Masri has given interviews and commented on the allegations in Plaintiffs' Complaint, including in an interview he gave to the Israeli newspaper *Yediot Aharanot*. *See* Fontane Declaration, Ex. 5. Masri's interviews and appearances in newspapers demonstrate that Masri is aware of Plaintiffs' Complaint and is reading Israeli newspapers such that service by publication is reasonably calculated to "notif[y] [Masri] of the commencement of [the] action against him." *Freedom Watch, Inc.*, 766 F.3d at 78 (D.D.C. 2014); *Mwani* 417 F.3d at 8 (notice by publication in newspaper was reasonably calculated to apprise defendant of suit where defendant had published fatwas in same newspaper); *see also e.g.*, *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 428-29 (1st Cir. 2015) (permitting alternative service where plaintiffs attempted to serve defendant in multiple countries and defendant had "admitted awareness of the suit" and was "an elusive international defendant"). Given that Masri chose to give an interview to *Yediot Aharonot*, Plaintiffs propose to serve Masri via publication in that newspaper. It is also one of Israel's most highly circulated newspapers daily. *See* Fontane Decl., ⁋ 7.

Similarly, service of process on Masri by e-mail and social media is reasonably calculated to ensure that Masri receives actual notice. Counsel for Plaintiffs located the following e-mail addresses through reasonable search, which are believed to be associated with Masri and are likely to reach him: masrib307@gmail.com; bmasri@massar.com; bmasri@rawabi.ps; and

info@basharmasri.com.    Fontane Declaration ¶ 8.    Notably, the e-mail address
info@basharmasri.com is listed as the contact information on Masri's official website[3], which is
also linked to Masri's official Instagram account.  Fontane Declaration ¶ 9.  The e-mail address
masrib307@gmail.com is associated with Masri's X, LinkedIn, Facebook, and Instagram
accounts.  Fontane Declaration ¶ 9.

Service of process by social media via messaging Masri's official Instagram account
(basharfmasri), X account (@BasharFMasri) and Facebook account (basharmasribm), in
conjunction with e-mail service, is reasonably calculated to ensure that Masri receives actual
notice—especially because the accounts that Plaintiffs' counsel have identified are recently active,
and contain blue checkmarks, indicating that they are verified accounts.[4]  Fontane Declaration ¶ 9.
*Carrillo*, 2025 WL 304446 at *2 (approving service by Instagram message, and finding that,
because Instagram account was active and contained a blue verification checkmark, "service by
Instagram message as a backstop would . . . provide notice to [defendant]" regarding the suit).

Finally, nothing in the Hague Convention bars service via publication, e-mail, and/or social
media messaging, such that the proposed means of serving Masri are not "prohibited by
international agreement."  Fed. R. Civ. P. 4(f)(3); *see generally* Hague Convention, 1965, 20
U.S.T. 361.  Numerous courts have held that service by e-mail does not violate any international
agreement (even where the recipient nation has objected to Article 10 of the Hague Convention
governing service of process by mail, which Israel has not).  *See, e.g.*, *Bazarian*, 168 F. Supp. 3d

---

[3] *See* basharmasri.com.

[4] *See* https://help.instagram.com/733907830039577/?helpref=uf_share ("An Instagram account
with a verified badge next to its name now means that Instagram has confirmed that it is the
authentic presence for that person or brand."); https://help.x.com/en/managing-your-
account/about-x-verified-accounts (describing verification requirements for blue check mark in
X account).

at 17 (D.D.C. 2016) ("[S]ervice by e-mail is not prohibited by the Hague Convention . . . where, as here, the country objects to Article 10 of the Hague Convention."); *F.T.C. v. PCCare247 Inc.*, No. 12-CIV-7189 (PAE), 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013) (finding that service by social media is not prohibited by the Hague Convention or international agreement, and permitting service of process by e-mail and Facebook).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court approve alternative service of process on Masri by publication in Israel, e-mail, and social media.

June 25, 2025

Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

By:     */s/ Lee Wolosky*
        Lee Wolosky (D.C. Bar No. NY0161)
        787 7th Avenue
        New York, NY 10019
        Telephone: (212) 728-8000
        Facsimile: (212) 728-8111
        lwolosky@willkie.com

        **OSEN LLC**
        Gary M. Osen (D.C. Bar No. NJ009)
        190 Moore Street, Suite 272
        Hackensack, NJ 07601
        Telephone: (201) 265-6400
        Facsimile: (201) 265-0303
        gosen@osenlaw.com

        **STEIN MITCHELL BEATO & MISSNER LLP**
        Jonathan E. Missner (D.C. Bar No. 475648)
        2000 K St., NW, Suite 600
        Washington, D.C. 20006
        Telephone: (202) 737-7777
        Facsimile: (202) 296-8312
        jmissner@steinmitchell.com

**MOTLEY RICE LLC**
John M. Eubanks (D.C. Bar No. SC0013)
Michael E. Elsner
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9250
Facsimile: (843) 216-9450
jeubanks@motleyrice.com
melsner@motleyrice.com