UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOM SHALOM, *et al.*,

                Plaintiffs,

    v.

BASHAR MASRI, *et al.*,

                Defendants.

Case No. 25-cv-1024 (JMC)

**MEMORANDUM OPINION AND ORDER**

      Plaintiffs are "American citizens, or family members or estate representatives of American citizens, who were victims of the terror attack in Israel committed by Hamas" on October 7, 2023, and related attacks thereafter. ECF 14 at 6. Plaintiffs allege that Defendant Bashar Masri and various corporate entities he owns or controls "knowingly assisted, provided material support to, and conspired with Hamas" in violation of the Anti-Terrorism Act. *Id*. Plaintiffs filed their Complaint in this Court on April 7, 2025. ECF 1. Since then, they have tried to serve Masri at his Washington, DC home on May 24, 2025, and May 30, 2025. ECF 14-2, Johnson Decl. ¶¶ 4–5. Plaintiffs also tried to effectuate service on Masri at his DC address via registered mail on June 3, 2025. ECF 14-3, Aiello Decl. All of these attempts were unsuccessful.

      Plaintiffs believe that Masri is currently abroad in Israel or Palestine. They filed a motion for this Court to order service by alternative means under Federal Rule of Civil Procedure 4(f)(3). ECF 14. Plaintiffs proposed three service methods: by publication, via email, and via social media. *Id*. at 8. But Plaintiffs' initial motion did not address whether their proposed service methods would "minimize[] offense to foreign law." *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 82 (D.C. Cir. 2014). Accordingly, on July 2, 2025, this Court ordered

1

Plaintiffs to file a supplemental brief "addressing whether any of their proposed methods of service violate Israeli and/or Palestinian law." July 2, 2025 Min. Order (citing *Freedom Watch, Inc.*, 766 F.3d at 84). Plaintiffs then filed a supplemental brief in support of their motion addressing that issue. ECF 17.

After reviewing Plaintiffs' submissions, the Court finds that Plaintiffs' proposed alternative service methods are within its discretion to order under Rule 4(f)(3). The proposed service methods are not contrary to any international agreement, are consistent with principles of due process, and seek to minimize offense to Israeli and Palestinian law. Accordingly, Plaintiffs' Motion to Serve Defendant Bashar Masri by Alternative Means, ECF 14, is **GRANTED**. Plaintiffs' Motion for an Extension of Time to Serve Defendant Bashar Masri, ECF 15, is **DENIED** as moot because Federal Rule of Civil Procedure 4(m)'s service deadline "does not apply to service in a foreign country."

I.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 4(f)(3), "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." "[T]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Freedom Watch, Inc.*, 766 F.3d at 81 (quoting *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)). To ensure that service under Rule 4(f)(3) complies with due process principles, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005) (citing *Mullane* in context

of Rule 4(f)(3)). In determining whether a particular method of service is appropriate under Rule 4(f)(3), courts also look to the Advisory Committee notes for that Rule, which provide that "an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. However, "even if the alternative means" proposed "would contravene foreign law," the district court retains discretion to authorize service under Rule 4(f)(3). *Freedom Watch, Inc.*, 766 F.3d at 84.

## II.  ANALYSIS

The Court assesses three issues in deciding whether to permit alternative service in this case: (1) whether the alternative means suggested are "prohibited by international agreement"; (2) whether the alternative means are consistent with due process principles; and (3) whether the alternative means "minimize[] offense to foreign law." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. The Court finds that Plaintiffs have "devise[d] a method of communication" that provides "reasonable notice" to Masri and will thus permit service by alternative means. *Id*.

### A.  Plaintiffs' Alternative Means Are Not Prohibited by International Agreement.

First, the Court must analyze whether the alternative means suggested are "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Israel is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the Hague Convention), which does not prohibit service by publication, email or social media. *NorthStar Moving Holding Co. v. Northstar Movers*, No. 19-cv-62176 (WPD), 2019 WL 9093463, at *1 (S.D. Fla. Dec. 17, 2019); *see generally* Hague Convention, Nov. 15, 1965, 20 U.S.T. 361. Israel has made objections to certain methods of service identified in Article 10 of the Convention, but those objections do not extend to other means of service that are not specifically referenced in Article 10—and Plaintiffs'

3

proposed methods of service are not included. *See Declaration/Reservation/Notification*, Hague Conf. on Priv. Int'l L., https://perma.cc/EMT3-C4HY (last visited Aug. 21, 2025); *NorthStar Moving*, 2019 WL 9093463, at *1 ("Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such [as] email or publication."). Accordingly, the Court finds that service by publication, service by email, and service by social media are not prohibited by the Convention. *See Pen Pal, LLC v. Mizra*, No. 2:23-cv-2871 (CMV), 2024 WL 3841213, at *3 (S.D. Ohio Aug. 15, 2024) ("The Court has found no indication that service by publication in Israel is prohibited by any international agreement."); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. 06-cv-6572 (JSW), 2007 WL 1140639, at *2 (N.D. Cal. April 17, 2007) (concluding that "service via email is not prohibited by an international agreement" in countries that are signatories to the Hague Convention, including Israel); *FTC v. PCCare247 Inc.*, No. 12-cv-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (finding that service by Facebook is "clearly outside the scope of Article 10" of the Hague Convention and that "the Court knows of no international treaty prohibiting such means").

The Palestinian National Authority (PNA) is not a signatory to the Hague Convention. *See Status Table*, Hague Conf. on Priv. Int'l L., https://perma.cc/T2B4-9F3Q (last visited Aug. 23, 2025). The PNA is also not "recognized by the United States as a sovereign state," so it appears unlikely that any other international agreement would bar service by a U.S. court on a defendant in Palestine. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 329 (2nd Cir. 2016); *see also id.* at 329 ("Courts have repeatedly held that neither the [Palestinian Authority] nor the [Palestinian Liberation Organization] is a 'state' under United States or international law.").

### B. Plaintiffs' Alternative Means Are Consistent with Due Process.

Next, the Court evaluates whether Plaintiffs' proposed means of service comport with due process. *See* Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. Under constitutional due process requirements, a method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Plaintiffs' proposed methods satisfy that requirement here. First, Plaintiffs propose serving Masri via publication in an Israeli newspaper, Yediot Ahronot. ECF 17 at 6. The contents of the notice will include the Summons and Complaint. ECF 14 at 8. The Supreme Court and D.C. Circuit have approved of service by "publication as a customary substitute" in cases where "it is not reasonably possible or practicable to give more adequate warning," such as "in the case of persons missing." *Mullane*, 339 U.S. at 317; *Mwani*, 417 F.3d at 8. Courts have granted leave to serve via publication where plaintiffs "can provide some assurance that the defendant can be reasonably expected to receive actual notice." *Moriarty v. Hashemite Kingdom of Jordan*, No. 18-cv-2649 (CKK), 2023 WL 5748566, at *3 (D.D.C. Sept. 6, 2023) (collecting cases). Here, Masri gave an interview to Yediot Ahronot, so the Court can "reasonably expect" that he reads it. *See* ECF 14-6 (May 2025 Masri interview with Yediot Ahronot); *Mwani*, 417 F.3d at 8 (notice by publication in newspaper was reasonably calculated to apprise defendant of suit where defendant had published fatwa in same newspaper). Additionally, Plaintiffs have represented that Yediot Ahronot has one of the highest circulations in Israel. ECF 14-1, Fontane Decl. ¶ 7.

While Plaintiffs' proposal for service by publication appears to be "reasonably calculated" to apprise Masri of this suit, Plaintiffs' Proposed Order fails to specify how long the notice will be published for, which is relevant to this Court's due process inquiry. *See Mullane*, 339 U.S. at 314

(looking to the totality of the circumstances); *see Mizra*, 2024 WL 3841213, at *3 (When the plaintiff "has provided no details on how service by publication will be accomplished," the court cannot determine "whether such publication would comport with due process."). Following prior orders in this district, the Court finds that a period of six weeks is appropriate and prescribes that timeframe in its order granting Plaintiffs' motion. *See, e.g.*, *Mwani v. United States*, No. 99-cv-0125 (CKK), ECF 23 at 4 (D.D.C. Aug. 2, 1999) (allowing plaintiffs to serve defendants Osama bin Laden and al Qaeda by publishing a notice for six weeks in various news outlets).

Second, Plaintiffs propose to serve Masri via email. They submit a declaration explaining that they have identified several email addresses they reasonably believe are Masri's. ECF 14-1, Fontane Decl. ¶ 8. They found one of the emails on his official website, and another is the registration email linked to his official social media accounts. *Id.* ¶ 9. As such, the Court concludes that service via email is "reasonably calculated" to reach Masri. *See NorthStar Moving*, 2019 WL 9093463, at *1–2 (allowing service via email on a defendant who resided in Israel because it is "reasonably calculated to give notice" to him).

Third, Plaintiffs propose to serve Masri by messaging his official Instagram, X, and Facebook accounts. Some courts have allowed service via social media as a "backstop" to service by other means. *Carrillo v. Sabbadini*, No. 23-cv-5692 (VSB), 2025 WL 304446, at *2 (S.D.N.Y. Jan. 27, 2025) (As a "backstop," plaintiff is allowed "to serve the Complaint and Summons by private message to [defendant's] official Instagram account."); *Doe v. Hyassat*, 337 F.R.D. 12, 15–16 (S.D.N.Y. Sept. 9, 2020) (collecting cases). "[T]he efficacy of . . . service [by social media] turns on a fact-bound inquiry into the prominence of the platforms used and the defendant's activity-level on those sites." *Aboulgaed v. Hifter*, No. 20-cv-298 (CKK), 2021 WL 5893168, at *2 (D.D.C. May 28, 2021). Here, Plaintiffs provide evidence that the identified social media

accounts have recently been active and are verified accounts. ECF 14-1, Fontane Decl. ¶ 9. As a result, the Court concludes that service via social media is an appropriate "backstop" to the other two methods of service Plaintiffs propose. *PCCare247 Inc.*, 2013 WL 841037, at *5 (allowing service by Facebook when it "is intended not as the sole method of service, but instead to backstop the service" by email).

### C. Plaintiffs' Alternative Means Minimize Offense to Foreign Law.

Finally, the Court seeks to ensure that any ordered methods of alternative service "minimize[] offense to foreign law." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. Under Israeli law, electronic service is normally not permitted "[i]f the document is the first document filed in the case." Civil Procedure Regulations 5779-2018, Reg. 162(1).[1] In such instances, service must be made to the recipient "by mail or personal delivery, unless the recipient has provided written consent otherwise." *Id*. The methods that Plaintiffs propose could thus potentially "contravene foreign law." *Freedom Watch, Inc*., 766 F.3d at 84. But Plaintiffs have also submitted a declaration from an Israeli lawyer, Gil Wojakowski, who attests that "Israeli courts . . . possess expansive discretionary authority to order substitute service in circumstances where standard service . . . cannot be accomplished." ECF 17-1, Wojakowski Decl. ¶ 13.[2] In this case, Plaintiffs have already tried to serve Masri by mail and personal delivery. Based upon the information Plaintiffs have provided the Court, an Israeli court applying Israeli regulations could allow for alternative service once other methods fail. *See* Civil Procedure Regulations 5779-2018, Reg. 164(a) ("If the court determines that it is not possible to serve a document to the recipient by

---

[1] The Court is referencing an English translation of the Civil Procedure Regulations provided by Plaintiffs. *See* ECF 17-1 at 19.

[2] The Court can consider this declaration under Federal Rule of Civil Procedure 44.1, which provides that "[i]n determining foreign law, the court may consider any relevant material or source."

the prescribed methods, it may order that service be executed by any other means it deems appropriate under the circumstances."). Because Plaintiffs have already attempted traditional methods of service and because Israeli law allows courts to order alternative service in such circumstances, the Court finds that Plaintiffs' proposed methods have sufficiently minimized offense to Israeli law.

The Court also considers whether the proposed methods of service would minimize offense to Palestinian law. The Court acknowledges at the outset that its analysis of Palestinian law is quite uncertain. First, as the Court has already observed, the United States has not recognized the PNA as a sovereign state, so it is unclear if the Court must consider Palestinian law as foreign law. *See Waldman*, 835 F.3d at 329. Second, the record is incomplete as to the relevant Palestinian law. *See* ECF 17 at 13. Plaintiffs point the Court to an unverified translation of the Code of Civil and Commercial Procedure Promulgated by Law No. 2 of 2001 (the 2001 Code).[3] The 2001 Code allows service to be undertaken through a process-server, by registered letter return receipt requested through the clerk of court, or by "[a]ny other method as determined by the court in accordance with the provisions of the present Law." 2001 Code, Art. 7. The 2001 Code also allows service by publication in a newspaper when other methods are not available. *Id*. Art. 20(1). Finally, the practical reality of service under the PNA is also uncertain. While Israel previously served as a conduit for foreign service requests in the Palestinian Territories, the Israeli Administration of Courts has stated that it is "not receiving cooperation" from the PNA and is currently unable to serve documents. ECF 17-1, Wojakowski Decl. ¶ 33.

---

[3] The 2001 Code has since been amended by the Law Decree No. (24) of 2024 amending the Civil and Commercial Procedures Law No. (2) of 2001 and its amendments. While Plaintiffs have provided a link to the updated code, the Court has not found any English translation. *See* ECF 17 at 14 n.6. The Court proceeds by analyzing the translation of the 2001 Code in its best effort to understand the relevant Palestinian law.

Despite these uncertainties, the Court will authorize service via alternative methods under Rule 4(f)(3). The Court's duty is to attempt to "minimize[] offense to foreign law," not to ensure perfect compliance. Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment; *Freedom Watch, Inc.*, 766 F.3d at 84 (allowing alternative methods of service even if it "would contravene foreign law"). The Court finds that Plaintiffs have suggested methods that seek to reach Masri while minimizing offense to Palestinian law for the reasons described above. The traditional methods of service authorized under Israeli and Palestinian law—including personal delivery, registered mail, or use of a process-server—are not available under the circumstances of this case. Plaintiffs represent that Masri travels frequently and his whereabouts are unknown. ECF 17 at 11. Plaintiffs also state that he "has no known home address in the Palestinian Territories." *Id.* Even if Plaintiffs had a physical address in the Palestinian Territories for Masri, the PNA is not presently cooperating with Hague service requests. ECF 17-1, Wojakowski Decl. ¶ 24 (attesting that the Israeli Administration of Courts is currently "unable to serve documents" pursuant to the Hague Convention in the Palestinian Territories). Given the lack of a known address, the Court finds that Plaintiffs' proposed methods of service by publication, by email, and by social media are "all that the situation permits." *Mullane*, 339 U.S. at 317. The Court will grant Plaintiffs' motion to serve Masri by alternative means.

One last note: Plaintiffs have also filed a motion with the Court to extend their deadline to serve Masri under Rule 4(m). ECF 15. Given Plaintiffs' filings, the Court finds that Masri is most likely living abroad in Israel or Palestine. *See id*. at 4. As such, Rule 4(m)'s deadline "does not apply" because the defendant is "in a foreign country." Fed. R. Civ. P. 4(m). The Court will deny Plaintiffs' motion for an extension of time as moot.

* * *

For the foregoing reasons, Plaintiffs' Motion to Serve Defendant by Alternative Means, ECF 14, is **GRANTED**, and Plaintiffs' Motion for Extension of Time to Serve Defendant, ECF 15, is **DENIED** as moot.

Accordingly, it is hereby **ORDERED** that Plaintiffs shall serve the Summons and Complaint in this case on Defendant Bashar Masri by:

1. Publishing a copy of the documents in Yediot Ahronot for a period of six weeks;

2. Transmitting a copy of the documents via electronic mail to addresses associated with Masri, including BMasri@rawabi.ps, BMasri@masar.com, info@basharmasri.com, and masrib307@gmail.com; and

3. Transmitting a copy of the documents via social media to Masri's verified Instagram, X, and Facebook accounts.

**SO ORDERED.**

                                                                                        _____
                                                                                        JIA M. COBB
                                                                                        United States District Judge

Date: August 26, 2025